UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CARL J. DRUCKER, II, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-cv-00334-JPH-DLP ) |
| BOBBI RIGGS, RAGOLI, KIM HOBSON, BYRD, | ) ) ) ) ) ) |
| Defendants. | ) |

**ENTRY SCREENING COMPLAINT, DISMISSING CLAIMS,
AND DIRECTING SERVICE OF PROCESS**

The plaintiff, Carl Drucker, is currently an inmate at Wabash Valley Correctional Facility ("WVCF"). Because Mr. Drucker is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Drucker

1

are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

Mr. Drucker names four defendants in his complaint: (1) Dr. Byrd; (2) Dr. Ragoli; (3) Kim Hobson; and (4) Bobbi Riggs. The Court notes that Mr. Drucker's complaint is 74 pages long, consisting in large part of exhibits attached to the complaint. *See* dkt. 2-1. The attachment to the complaint can be "stricken without bothering to read." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (exhibits attached to the complaint are disregarded). There is no direct reference to these exhibits in the complaint, and they appear to be nothing more than evidence in support of the claims alleged in the complaint. To consider the exhibits at this point would circumvent the "simple and plain statement requirement" of Rule 8(a)(2) of the Federal Rules of Civil Procedure.

Mr. Drucker provides a brief history of his medical injuries prior to his incarceration that he deems relevant to his allegations, which the Court will summarize for context. Mr. Drucker states that in 1989 the bottom of his left leg, directly above the ankle, was almost amputated in a motorcycle accident that resulted in a tibia fusion at the ankle, a partial fibula, and his left leg being more than 1 inch shorter than his right leg. Dkt. 2 at 3. He has had two orthoscopic surgeries to his left knee. *Id.* In 2009, he was incarcerated with multiple leg injuries due to bullet wounds in his right knee and right arm. *Id.* In addition, he suffered a fall while jumping out of a window and broke both ankles, crushed his right foot and heel, and had to have a fusion done to the right ankle and foot. *Id.*

In the past, the Indiana Department of Correction ("IDOC") has provided Mr. Drucker with orthopedic boots. *Id.* Mr. Drucker alleges that his left knee has been dislocating and popping out

of the joint for approximately 4.5 years, and in May 2020 this caused him to fall and break his left hand. *Id.*

Mr. Drucker alleges that the defendants refuse to allow him to be seen by an outside provider to reevaluate his condition, he is in a lot of pain, and he continues to fall down and injure himself. He alleges that the medical defendants have failed to treat his condition and have prolonged his pain and suffering. *Id.* at 1-11. Mr. Drucker seeks punitive damages and medical evaluation and treatment from an orthopedic surgeon.

### III. Discussion of Claims

Prison officials may exhibit deliberate indifference to a known condition through inaction, *Gayton v. McCoy*, 593 F.3d 610, 623–24 (7th Cir. 2010); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009), or by persisting with inappropriate treatment. *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir.2011); *Greeno v. Daley*, 414 F.3d 645, 653–54 (7th Cir. 2005). Prison officials might also show their deliberate indifference by delaying necessary treatment and thus aggravating the injury or needlessly prolonging an inmate's pain. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012).

Mr. Drucker contends that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by delaying and denying him appropriate treatment. He also contends that the defendants were deliberately indifferent to his conditions of confinement because they denied him use of medical devices that he required to assist him in accessing meals, the law library, religious and medical services, and a job. Dkt. 2 at 2. The denial of these accommodations also allegedly violates the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111–213.

Specifically, Mr. Drucker alleges that he submitted many healthcare requests regarding his knee and his frequent falling, but Bobbi Riggs has "continually blocked him from seeing the doctor," and denied him access to medical boots. *Id.* at 4-5.

Dr. Ragoli allegedly evaluated Mr. Drucker multiple times for knee pain, but instead of treating him for his pain and falling or referring him to a specialist, the doctor has instructed Mr. Drucker to "live with it." *Id.* at 4. Mr. Drucker contends that Dr. Ragoli has been providing him with an ineffective course of treatment.

Mr. Drucker alleges that Dr. Byrd has treated him since 2016 but has not referred him to an outside provider or renewed his medical boots. *Id.* Mr. Drucker contends Dr. Byrd's course of treatment of cortisone shots and a cane that is too long for him has been ineffective.

Mr. Drucker alleges that Kim Hobson, knowing that he had been in a wheelchair for a number of years at the facility, allowed Bobbi Riggs to deny his access to medical boots. *Id.* at 5. Mr. Drucker asserts that he has spoken with Ms. Hobson about the need for replacements for these boots and the defendants' lack of professional medical care, and she had done nothing to help him. *Id.*

Applying the standard of review to the facts alleged in the complaint, certain claims shall proceed while other claims must be dismissed.

The ADA claims are **dismissed.** Employees of Wexford are not amenable to suit under the Rehabilitation Act or the ADA. *See Jaros v. Ill. Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012) (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131); *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004); *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (collecting authority)). Accordingly, the ADA claims against the individual defendants are dismissed.

The following claims **shall proceed against all the defendants:**

1. The defendants were allegedly **deliberately indifferent** to Mr. Drucker's serious medical needs in violation of the **Eighth Amendment**.

2. The defendants were allegedly **deliberately indifferent** to Mr. Drucker's **conditions of confinement** by failing to provide him with appropriate medical devices to allow him to ambulate safely around the prison in violation of the **Eighth Amendment.**

### IV. Issuance of Process

The **clerk is directed to issue process** to defendants (1) Dr. Byrd; (2) Dr. Ragoli; (3) Kim Hobson; and (4) Bobbi Riggs in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the complaint (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The defendants are all identified as employees of Wexford of Indiana, LLC. A copy of this Entry shall be **served on Wexford electronically**. **Wexford is ORDERED** to provide the full name and last known address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed *ex parte*.

### V. Conclusion and Further Proceedings

The claims discussed in Part III are the only claims the Court identified in the complaint. If Mr. Drucker believes he asserted claims not discussed in Part III, he shall have **through November 12, 2020**, to notify the Court.

The **clerk is directed** to issue process to the defendants according to Part IV above.

**SO ORDERED.**

Date: 10/30/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

5

Distribution:

CARL J. DRUCKER, II
980552
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronic service to Wexford of Indiana, LLC

Copies by US mail to individual medical providers:

Dr. Samuel Byrd
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
Carlisle, IN 47838

Dr. Ragoli
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
Carlisle, IN 47838

Kim Hobson
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
Carlisle, IN 47838

Bobbi Riggs
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
Carlisle, IN 47838